IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| SUSAN J. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-CV-096 |
| | ) | |
| BANK OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff's complaint alleges that defendant bank improperly disposed of items contained in her safety deposit box. Now before the court is the motion [doc. 9] of The Cincinnati Insurance Company ("Cincinnati") seeking to intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure. Both plaintiff and defendant have filed responses in opposition to the motion, and Cincinnati has submitted a reply.

A timely application for intervention may be granted under Rule 24(b)(2) "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). The decision is within the court's discretion, and "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

Cincinnati is defendant's insurer. Cincinnati has, to this point, denied coverage and is not defending the lawsuit. Nonetheless, Cincinnati claims that it will suffer

"substantial prejudice to [its] rights and interests" if it is not allowed to intervene.[1]

The first requirement of Rule 24(b)(2) is that the motion must be timely. The court concludes that the motion was timely filed, and neither plaintiff nor defendant argue to the contrary.

Next, the court must consider whether the "applicant's claim or defense and the main action have a question of law or fact in common." The court has considered the arguments presented by Cincinnati and concludes that no common question of law or fact exists.

At page two of its reply brief, Cincinnati lists what it purports to be "numerous common questions of law and fact[.]" For the most part, these issues exist only in the tort/contract litigation between plaintiff and defendant. To the extent that Cincinnati cites the alleged "common question" of "whether coverage . . . is required . . . from Cincinnati," that is not an issue in the underlying litigation.

Where one suit involves the determination of *liability* between two parties, and "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage," there is no common question of law or fact under Rule 24(b)(2). *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3d Cir. 2005); *accord Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 632-33, 641 (1st Cir. 1989). "[A] motion for permissive intervention under Rule 24(b) must have grounds in claims for

---

[1] It is, of course, the rights, interests, and prejudices of *the original parties* that are of mandatory concern under Rule 24(b)(2).

relief which share questions of fact or law in common with the main action, and not in the coincidence of financial interests." *Liberty Mut. Ins. Co. v. Pac. Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977). The Third Circuit has termed Cincinnati's primary argument "so facially dubious that discussion of that position is hardly warranted." *Treesdale*, 419 F.3d at 227. Cincinnati's interest "turns on the interpretation of the contracts of insurance . . . [and] has nothing to do with" the underlying dispute of whether defendant caused harm to plaintiff. *See id.* at 227-28.

The court further finds unpersuasive Cincinnati's contention that it has a "substantial interest" in this case because "further investigation may require coverage by Cincinnati[.]" If that is in fact true, then the court suggests that Cincinnati conduct said "further investigation" and timely decide whether or not it should defend its insured.

Lastly, the court concludes that burdens of time and expense involving intervention by an unnecessary party would "unduly delay or prejudice the adjudication of the rights of the original parties" in this case. Cincinnati's motion to intervene is accordingly **DENIED**. In light of this ruling, defendant's motion to strike [doc. 14] and defendant's motion for leave to file a supplemental brief [doc. 23] are **DENIED AS MOOT**. By separate order, the court will set this case for a scheduling conference.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge